**RICHARD A. SMITH, WSBA 15127**
**SMITH LAW FIRM**
**314 No. Second Street**
**Yakima, WA 98901**
**Telephone: 509-457-5108**

Attorneys for Defendant
Jasmine Campbell

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON
### (Magistrate Judge Mary K. Dimke)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. 4:21-CR-6008-SMJ-4 |
| Plaintiff, | ) |
| vs. | ) DEFENDANT'S MOTION FOR |
| | ) PRETRIAL RELEASE |
| JASMINE CAMPBELL, | ) |
| Defendant. | ) |

TO: CLERK OF THE COURT; and
TO: STEPHANIE VAN MARTER, Assistant United States Attorney

**COMES NOW** JASMINE CAMPBELL by her attorney, Richard A. Smith of *Smith Law Firm*, and moves this Court for an order of pretrial release on the following conditions:

(1) Obtain a drug and alcohol evaluation and comply with any recommended treatment;

(2) Submit to any drug testing as required or directed by Pretrial Services;

DEFENDANT'S MOTION FOR PRETRIAL RELEASE - Page 1

**SMITH LAW FIRM**
314 North Second Street
Yakima, WA 98901
(509) 457-5108

(3) Not leave the Eastern District of Washington without prior approval of Pretrial Services;

(4) Surrender any passport;

(5) Maintain her residence as directed by Pretrial Services;

(6) Participate in a location monitoring program if deemed necessary by the Court or by her Pretrial Services Officer; and

(7) Submit to any mental health evaluation and treatment as required as directed by Pretrial Services.

Ms. Campbell's strong ties to the Tri Cities community and the conditions as identified above can assure this Court that Ms. Campbell will make all future court appearances and abide by the conditions of her release. Ms. Campbell is not a danger to the community.

## I. PROCEDURAL HISTORY.

An Indictment was filed April 14, 2021 charging four individuals in eight counts. Ms. Campbell is charged in one conspiracy count (Count 1). Her husband, Cameron Campbell, was arrested and charged by Indictment in July of 2020. Ms. Campbell has no prior criminal history.

## II. PERSONAL HISTORY AND CHARACTERISTICS.

Ms. Campbell is 30 years of age. She was born in Richland, Washington on ▆▆▆, 1990. Her family moved to California where she resided until her senior year in high school when she attended a boarding school in Portland, Oregon, Mount Bachelor High School. After high school she moved to Seattle to attend the Art Institute of Seattle between 2008 and 2010. In 2010, she returned to the Tri Cities

DEFENDANT'S MOTION FOR PRETRIAL RELEASE - Page 2

**SMITH LAW FIRM**
314 North Second Street
Yakima, WA 98901
(509) 457-5108

where she has resided ever since. In 2015, she purchased the residence at █████, Richland, Washington, where she currently resides with her two children. J█████ L███, age 8 and J█████ L███, age 9.

Ms. Campbell was employed for the last 11 years as an oncology care coordinator at Providence/Kadlec in Richland. She has been unemployed since approximately of August 2020 after her husband was arrested in a related case.

She is currently home schooling her two children and attending school online at Western Governor's University. She is studying to obtain a degree in health care coordination with a focus on oncology. She possesses a valid driver's license and believes her mother or grandmother will allow her to use a spare care for travel to and from court appearances and attorney visits.

### III. ARGUMENT.

The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.*, requires the pretrial release of a defendant under the least restrictive condition, or combination of conditions, that will reasonably assure the appearance of the defendant and the safety of the community. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991); *United States v. Motamedi*, 767 F.2d 1403 (9th Cir. 1985). Only in rare situations should release be denied and any doubts regarding the propriety of release should be resolved in favor of release. *United States v. Gebro*, 948 F. 2d at 1121; *United States v. Motamedi*, 767 F.2d at 1405. Release is required unless no combination of conditions can reasonably assure the appearance of the person and the safety of the community. 18 U.S.C. § 3142.

/ / /

SMITH LAW FIRM
314 North Second Street
Yakima, WA 98901
(509) 457-5108

### a. <u>The presumption of detention is rebuttable</u>.

When a person is charged by Indictment with an offense for which a maximum sentence of 10 years or more is prescribed under the Controlled Substances Act, the inquiry into the propriety of detention begins with a rebuttable presumption that no combination of conditions will reasonably assure the appearance of the person or the safety of the community. *See* 18 U.S.C. § 3142(e) and (f). The statutory presumption merely acts to shift the burden of production of evidence to the defendant; the ultimate burden of persuasion remains on the government. *United States v. Clark*, 791 F. Supp. 259, 260 (E.D.Wash. 1992); *United States v. Mesher*, 707 F. Supp. 1224, 1225 (D.Or. 1989).

Even where the presumption applies, the government must establish that the defendant is a flight risk by a "clear preponderance of the evidence" and that the person is a danger to the community by "clear and convincing evidence". *United States v. Motamedi,* 767 F.2d at 1406.

### b. <u>Ms. Campbell is not a flight risk</u>.

A defendant must produce only "some evidence" that she is not a flight risk and does not pose a danger to the community in order to rebut the presumption. *United States v. Chen*, 820 F. Supp. 1205, 1207 (N.D.Cal. 1992); *United States v. Clark*, 791 F. Supp. At 260. In this case, Ms. Campbell's residency in the Tri Cities, her purchase of a home and familial ties to the Tri Cities community should be more than sufficient to rebut the assumption that she any kind of a flight risk. She rarely travels outside the State of Washington and on one occasion in the last two years has traveled outside of the country. She has a passport that she will surrender and no criminal history. Counsel submits that she is not a risk of flight or non-appearance in Federal Court.

### c. Ms. Campbell is not a danger to the community.

The burden is on the Government to prove danger to the community by clear and convincing evidence. *United States v. Clark*, 791 F. Supp. At 260. Ms. Campbell has no history of violence and the Indictment contains no allegation of her firearm possession or use of any weapons. "The government's burden of proof is not trivial" and "It must point to more than the Indictment to justify detention". The Government "must prove by clear and convincing evidence that the defendant poses a danger to the community". *United States v. Chen,* 821 F. Supp. at 1208 (citing *United States v. Gebro*, 948 F.2d at 1121). Ms. Campbell's husband, Cameron Campbell, was arrested in July of 2020. Ms. Campbell has been living at her residence, home schooling her children and attending online classes since his arrest. If the Government felt that Ms. Campbell was a danger to the community they could have taken her into custody at any time. Counsel for Ms. Campbell submits that no evidence exists that Ms. Campbell presents any danger to the community.

## IV. RELEASE PLAN.

If Ms. Campbell is released pretrial, she will reside at her own residence at ▮▮▮▮▮, Richland, Washington. If released, she will continue her classes online and seek employment when required. She will be able to engage in any programming which this Court requires including a drug and alcohol evaluation and her participation in any required treatment. If the Court deems it necessary for her to undergo a mental health evaluation, she will comply and participate in any required treatment. If necessary for her release, Ms. Campbell is willing to be fitted with a Global Positioning Device and will abide by all restrictions that may be placed upon her by this Court and her Pretrial Services Officer.

DEFENDANT'S MOTION FOR PRETRIAL RELEASE - Page 5

**SMITH LAW FIRM**
314 North Second Street
Yakima, WA 98901
(509) 457-5108

DATED this 23rd day of April, 2021.

Presented by:

/s/ Richard A. Smith
RICHARD A. SMITH, WSBA #15127
SMITH LAW FIRM
314 No. Second Street
Yakima, WA  98901
(509) 457-5108
rasmith@house314.com

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury of the laws of the State of Washington that on April 23, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Stephanie Van Marter, Assistant United States Attorney.

/s/ Lugene Borba
Lugene Borba
Legal Assistant to Richard A. Smith

DEFENDANT'S MOTION FOR PRETRIAL RELEASE - Page 6

**SMITH LAW FIRM**
314 North Second Street
Yakima, WA  98901
(509) 457-5108