FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 26, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JASMINE MARIE CAMPBELL,<br><br>Defendant. | No. 4:21-CR-06008-SMJ-4<br><br>ORDER DENYING UNITED STATES' MOTION FOR DETENTION, GRANTING DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY, AND SETTING CONDITIONS OF RELEASE<br><br>**ECF No. 90, 99** |

On Monday, April 26, 2021, the Court conducted a detention hearing in accordance with 18 U.S.C. § 3142(f). With her consent, Defendant appeared by video from Benton County Jail and was represented by Rick Smith. Assistant United States Attorney Stephanie Van Marter represented the United States.

The Court considered the Pretrial Services Report (ECF No. 98), the counsels' arguments and briefing, the contents of recorded jail phone calls, police reports, and the contents of a search warrant application. To decide whether conditions of release would reasonably assure Defendant's appearance in court and

ORDER DENYING UNITED STATES' MOTION FOR DETENTION, GRANTING DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY, AND SETTING CONDITIONS OF RELEASE - 1

the safety of the community, the Court considered and evaluated the four factors outlined in 18 U.S.C. § 3142(g):

1. The nature and circumstances of the offense;
2. The weight of the evidence against the Defendant;
3. The history and characteristics of the Defendant; and
4. The nature and seriousness of the danger the Defendant would present to the community if released.

Due to the nature of the charges, there is a rebuttable presumption of detention in this case. Defendant is charged with conspiracy to distribute methamphetamine and fentanyl. The United States proffered that in the course of investigating a shooting which occurred at a codefendant's home, it was discovered that Defendant was involved in distribution of controlled substances and had been utilizing hotel rooms to facilitate the process. It was further proffered that codefendant Ard, who had been released from state custody to reside with Defendant at her home, was continuing to engage in distribution of controlled substances while residing with her. The United States then proffered that law enforcement executed a search warrant at a hotel room which had been linked to Defendant and located $8800 in cash, a firearm and a magazine, thousands of presumed fentanyl pills, and methamphetamine. It was also proffered that, prior to Defendant's arrest, a codefendant warned her that she was being surveilled by law

ORDER DENYING UNITED STATES' MOTION FOR DETENTION, GRANTING DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY, AND SETTING CONDITIONS OF RELEASE - 2

enforcement.  Finally, it was proffered that at the time of Defendant's arrest she was in possession of fentanyl-laced pills.  The Court also notes that Defendant's husband was arrested and indicted in 2020 with respect to a different fentanyl trafficking conspiracy charge.  Defendant's husband sought release from custody, yet was denied release in part due to the contents of recorded jail calls in which Defendant indicated that she had attempted to remotely wipe seized cell phones.

The weight of the evidence is the least important factor and Defendant is entitled to a presumption of innocence.  The United States' proffer included information that Defendant continued to engage in distribution of controlled substances despite her husband being indicted on similar offenses, the fact Defendant indicated she had attempted to destroy evidence, and allowed individuals accused of and under investigation for drug trafficking reside with her at her home.  Based on the proffer there is sufficient evidentiary weight to the case to give the Court concern as to dangerousness.

Turning to her history and characteristics, Defendant is 30 years old, was born in Richland, Washington, and has resided in the District the majority of her life. Were Defendant to be released from custody, she proposed residing at the home she owns in Richland.  Defendant has six siblings, several of which reside in the Tri-Cities area.  Her mother and step-father also reside in Richland.  Defendant is married and has two minor children from a prior relationship.  Prior to her arrest,

ORDER DENYING UNITED STATES' MOTION FOR DETENTION, GRANTING DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY, AND SETTING CONDITIONS OF RELEASE - 3

Defendant was not working as she was attending college online and homeschooling her children. Defendant has no criminal history.[1]

Despite the extremely serious nature of the allegations and the Court's concerns about Defendant continuing to engage in criminal activity despite being placed on notice after her husband's arrest, the Court finds that conditions can be crafted to reasonably assure her appearance and safety of the community. That said, the Court will require Defendant to remain in custody until a substance abuse evaluation is completed in order to help maximize the chance for successful participation in treatment should the assessment recommend it.

**ACCORDINGLY, IT IS ORDERED:**

1. The United States' Motion for Detention (**ECF No. 90**) is **DENIED**.

2. Defendant's Motion for Release from Custody (**ECF No. 99**) is **GRANTED IN PART**. Defendant shall remain in custody until she is able to receive a substance abuse evaluation. If an evaluation is not conducted within seven days, defense counsel shall notify the Court.

3. The United States shall prepare a list of persons it considers to be a

---

[1] The Pretrial Services Report (ECF No. 98) mistakenly lists one prior arrest. However, the Court was informed this report was prepared using an incorrect birthdate and the arrest is not attributable to Defendant.

ORDER DENYING UNITED STATES' MOTION FOR DETENTION, GRANTING DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY, AND SETTING CONDITIONS OF RELEASE - 4

victim or potential witness in the subject investigation or prosecution and shall provide a copy to defense counsel. Should Defendant have any objections to the list, defense counsel shall notify the Court.

4. If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances under 18 U.S.C. § 3142(f), that party shall file a motion with the Court, served upon the United States Attorney, stating what circumstances are new, how they are established, and the requested change in conditions of release.

5. If a party seeks review of this Order by another court pursuant to 18 U.S.C. § 3145(a), counsel shall adhere to the Detention Order Review Protocol found in LCrR 46(k).

6. Defendant is bound over to Judge Salvador Mendoza, Jr. for further proceedings.

7. Defendant shall abide by the following conditions at all times:

**STANDARD CONDITIONS OF RELEASE**

1. Defendant shall not commit any offense in violation of federal, state or local law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any

federal or state law enforcement agency, unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

2. Defendant shall immediately advise the Court and the United States Attorney in writing before any change in address.

3. Defendant shall appear at all proceedings and surrender as directed for service of any sentence imposed.

4. Defendant shall sign and complete form A.O. 199C before being released and shall reside at the address furnished.

5. Defendant shall not possess a firearm, destructive device or any dangerous weapons.

6. Defendant shall report to the U.S. Probation/Pretrial Services office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

7. Defendant shall contact defense counsel at least once a week.

8. Defendant is further advised it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to receive, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

ORDER DENYING UNITED STATES' MOTION FOR DETENTION, GRANTING DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY, AND SETTING CONDITIONS OF RELEASE - 6

  9. Defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law.  Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

  10. Defendant shall surrender any passport to Pretrial Services and shall not apply for a new passport.

## SPECIAL CONDITIONS OF RELEASE

  1. Defendant shall remain in the Eastern District of Washington for court proceedings unless given permission by the United States Probation/Pretrial Services Office.

  2. Defendant shall avoid all contact, direct or indirect, with any codefendants or persons who Defendant would reasonably know are or may become a victim or potential witness in the subject investigation or prosecution.

  3. Notify the United States Probation/Pretrial Services Office within 24 hours of any change in address, telephone number, or employment.

  4. Defendant shall submit to a substance abuse evaluation and undergo any recommended substance abuse treatment as directed by the United States Probation/Pretrial Services Office.  Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting

the United States Probation/Pretrial services office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program. I t shall be the responsibility of defense counsel to provide such waivers.

      5.     Abstain totally from the use of alcohol.

      6.     Defendant shall submit to random urinalysis and breathalyzer testing as directed by the United States Probation/Pretrial Services Office.

      7.     Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release.

      8.     Defendant shall submit to a mental health evaluation and undergo any recommended treatment as directed by the United States Probation/Pretrial Services Office. Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation/Pretrial services office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program. It shall be the responsibility of defense counsel to provide such waivers.

ORDER DENYING UNITED STATES' MOTION FOR DETENTION, GRANTING DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY, AND SETTING CONDITIONS OF RELEASE - 8

     9.     <u>GPS Location Monitoring</u>: Defendant shall participate in a program of GPS location monitoring.  Defendant shall wear at all times, a GPS device under the supervision of United States Probation/Pretrial Services Office.  In the event Defendant does not respond to GPS monitoring or cannot be found, the United States Probation/Pretrial Services Office shall notify the United States Marshals' Service, who shall immediately find, arrest, and detain Defendant.  Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the United States Probation/Pretrial Services Office.

     10.     <u>Home Confinement</u>: Defendant shall be restricted at all times, to Defendant's residence except for: attorney visits; court appearances; case-related matters; court-ordered obligations; or other activities as pre-approved by the United States Probation/Pretrial Services Office or Defendant's supervising officer, including but not limited to employment, religious services, and medical necessities.

     11.     The only persons allowed in Defendant's home shall be herself, her mother, and her children unless Defendant receives prior approval from the United States Probation/Pretrial Services Office.

ORDER DENYING UNITED STATES' MOTION FOR DETENTION, GRANTING DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY, AND SETTING CONDITIONS OF RELEASE - 9

DATED April 26, 2021.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER DENYING UNITED STATES' MOTION FOR DETENTION, GRANTING DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY, AND SETTING CONDITIONS OF RELEASE - 10